FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 21 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00684-BNB

JOSEPH SCOTT CARTER,

    Plaintiff,

v.

THE STATE OF COLORADO,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Plaintiff, Scott Carter, is a pre-trial detainee at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated this action on March 18, 2011, by filing a Complaint asserting deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Mr. Carter has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the amended Complaint liberally because Mr. Carter is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Carter will be ordered to file an Application for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241.

Mr. Carter alleges minimal facts in his Complaint for relief. He claims, however,

that provisions of Colorado's speedy trial statute violate his Sixth Amendment right to a speedy trial because the period of time during which a defendant is incompetent to stand trial, or is under observation or examination as a result of the issue of his mental condition or incompetency being raised, is excluded from the statutory six-month period. See COLO. REV. STAT. § 18-1-405(6)(a). Plaintiff further claims, without elaboration, that the state statute violates his due process and equal protection rights. For relief, he seeks dismissal of the criminal charges filed against him in two pending state cases and permanent removal of his designated "incompetent to proceed" legal status as unconstitutional.

Mr. Carter's constitutional challenges to his pre-trial detention at the Colorado Mental Health Institute must be raised in an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See **Yellowbear v. Wyo. Att'y Gen.**, 525 F.3d 921, 924 (10th Cir. 2008); **Walck v. Edmondson**, 472 F.3d 1227, 1235 (10th Cir. 2007).

Furthermore, the § 2241 application Mr. Carter files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(4); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Mr. Carter fails to allege a short and plain statement of his due process and equal protection claims. Accordingly, it is

ORDERED that Mr. Carter file, **within thirty days from the date of this Order,** an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Carter, together with a copy of this Order, two copies of the following Court-approved form to use in filing the Application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Carter fails within the time allowed to file an Application for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241, as directed, the action will be dismissed without prejudice and without further notice.

DATED April 21, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00684-BNB

Joseph Scott Carter
Prisoner No. 97358
Colorado Mental Health Institute at Pueblo
1600 W 24th St
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 form** to the above-named individuals on April 21, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk