IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00684-BNB

JOSEPH SCOTT CARTER,

      Applicant,

v.

THE STATE OF COLORADO,

      Respondent,

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 7 2011

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Joseph Scott Carter, has been committed to the Colorado Mental Health Institute at Pueblo, Colorado, after being declared incompetent to stand trial on state criminal charges filed in Boulder County District Court Case Nos. 2010CR1184 and 2010CR1113.  Mr. Carter has filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the amended Application liberally because Mr. Carter is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Application reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the amended

Application will be denied and this action will be dismissed.

## I. State Court Proceedings

Mr. Carter was arrested on June 28, 2010, for crimes alleged to have been committed on June 26, 2010. Preliminary Response, Ex. A (state register of action), at 3-4. On July 1, 2010, a felony complaint was filed in Boulder County District Court Case No. 10CR1113 charging him with two counts each of second degree kidnapping, menacing, and false imprisonment. *Id.*, Ex. A, at 8. Counsel entered her appearance for Mr. Carter on July 2, 2010, and filed a motion under seal on July 14, 2010. *Id.* On July 14, 2010, the trial court issued an order and referral for a competency evaluation. *Id.*

Criminal charges were filed against Mr. Carter in Boulder District Court Case No. 10CR1184 on July 14, 2010, for crimes alleged to have occurred on June 13-15, 2010, which included five counts of motor vehicle theft and one count of theft. Prelim. Resp., Ex. B, at 2-4. Counsel entered her appearance for Mr. Carter on July 20, 2010. *Id.* at 7. On July 27, 2010, counsel filed a motion under seal raising the issue of Mr. Carter's competency. *Id.* The trial court issued a mental health stay on July 28, 2010. *Id.*

On August 30, 2010, the Colorado Department of Human Services (CDHS) filed a report in both of Mr. Carter's state criminal cases. Prelim. Resp. Ex. A, at 8; Ex. B, at 7. On September 16, 2010, the trial court found Mr. Carter to be incompetent to stand trial and issued a commitment order to the CDHS. *Id.*

Mr. Carter filed several *pro se* motions with the state trial court between January and April 2011 seeking to enforce his constitutional rights. Prelim. Resp. Ex. A, at 6-7;

Ex. B, at 6-7.  The trial court entered orders holding all motions filed by Mr. Carter in abeyance until his competency is established.  *Id.*, Ex. A at 7; Ex. B, at 6.   Mr. Carter received competency review hearings on December 10, 2010; March 10, 2011; and May 19, 2011.  *Id.*, Ex. A, at 5; Ex. B, at 4-5.  On May 19, 2011, Mr. Carter was found still to be incompetent and the commitment order was continued to the next competency hearing scheduled for September 1, 2011.  *Id.*

## II. Federal Proceedings

Mr. Carter initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 asserting that the tolling provision in COLO.REV.STAT. ("C.R.S.") § 18-1-405(6)(a) abridges his Sixth Amendment right to speedy trial.  He further claimed that the Colorado competency statutes violate the Fourteenth Amendment.  For relief, Mr. Carter requested removal of the legal designation of "incompetent to proceed to trial" and discharge of the pending criminal charges.  Magistrate Judge Boyd N. Boland initially reviewed the Complaint and determined that Mr. Carter's challenges to his pre-trial detention at the Colorado Mental Health Institute must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ***See Yellowbear v. Wyo. Att'y Gen.***, 525 F.3d 921, 924 (10th Cir. 2008); ***Walck v. Edmondson***, 472 F.3d 1227, 1235 (10th Cir. 2007).  Accordingly, on April 21, 2011, Magistrate Judge Boland directed Mr. Carter to file a § 2241 Application within thirty days.   Mr. Carter filed his Application on April 29, 2011.  He filed an amended Application on May 2, 2011.

Mr. Carter asserts the following three claims in his amended Application: (1) the tolling provision in § 18-1-405(6)(a), C.R.S., abridges his Sixth Amendment right to speedy trial; (2) Applicant's status of incompetency violates his rights of due process

3

and equal protection; and (3) the Colorado courts lack jurisdiction under the Fourteenth Amendment to find that a defendant is incompetent to stand trial.  Amended Application, at 3-4.  Again, Mr. Carter requests removal of the legal designation of "incompetent to proceed to trial" and discharge of the pending criminal charges.

On May 4, 2011, Magistrate Judge Boland ordered Respondent to file, within thirty days, a Preliminary Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  Respondent filed a preliminary response on May 24, 2011.  Mr. Carter filed a reply on June 7, 2011.

Respondents argue in the Preliminary Response that the Court should abstain from exercising jurisdiction over the amended Application pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because Mr. Carter asks this Court to interfere with an ongoing state criminal proceeding.

## III.  Analysis

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger*, 401 U.S. at 44; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).  Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  If the three requirements are

met and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In the instant action, all three conditions are met. Mr. Carter is involved in two state criminal proceedings that are ongoing, as evidenced by the state registers of action attached as exhibits to Respondents' Preliminary Response. Second, Mr. Carter has failed to demonstrate that the state criminal proceeding is not an adequate forum to hear his claim that the length of his pre-trial detention violates his federal constitutional right to speedy trial. Although the trial court will not consider any *pro se* motions filed by Mr. Carter while he is deemed incompetent, Mr. Carter may raise his constitutional issues through counsel. If Mr. Carter believes that his current counsel is representing him under a conflict-of-interest, as he indicates in his Reply, he may also raise that issue in his state criminal case. Accordingly, the state court proceeding offers Mr. Carter a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would inescapably intrude on the potential for the state court to decide the same issues. *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention "'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests'" (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))). Third, the state has an important interest in the administration of its Criminal Code, including § 18-1-405(6)(a), C.R.S., *see Penzoil*, 481 U.S. at 12-13, as well as the state competency procedures set forth in §§ 16-8.5-101-119, C.R.S. Matters concerning the competency of criminal defendants are

traditionally areas of state concern.  *See, e.g., Pate v. Robinson*, 383 U.S. 375, 385

(1966) (discussing application of Illinois competency statutes in conjunction with holding

that petitioner did not waive defense of incompetency to stand trial);  *Drope v.*

*Missouri*, 420 U.S. 162 (1975) (concluding that Missouri competency procedures were

constitutionally adequate, but not properly applied).

     Further, no exceptions to *Younger* exist in this case.  To establish extraordinary

or special circumstances, a plaintiff must be facing an irreparable injury that is both

great and immediate.  *See Younger*, 401 U.S. at 46.  The exceptions to *Younger*

provide only for a "very narrow gate for federal intervention."  *Phelps*, 59 F.3d at 1064

(internal quotation marks omitted).  The *Younger* abstention doctrine does not apply "in

cases of proven harassment or prosecutions undertaken by state officials in bad faith

without hope of obtaining a valid conviction and perhaps in other extraordinary

circumstances where irreparable injury can be shown." *Weitzel,* 240 F.3d at 876

(internal quotations and citations omitted).

     Mr. Carter fails to state any facts to indicate that he will suffer great and

immediate irreparable injury if this Court does not intervene in the ongoing state court

criminal proceedings.  Mr. Carter asserts in his Reply that his counsel acted in bad faith

by initiating the incompetency proceedings.  He further maintains that the state trial

court acted in bad faith by not allowing him to be present at the competency

proceedings, by failing to appoint alternate legal counsel for incompetency issues, and

in ruling on competency issues.  Reply, at 6-7.  According to Mr. Carter, the finding of

incompetency has caused him immediate irreparable injury and he seeks restoration of

competency in order to proceed to trial.  Reply, at 8.

Mr. Carter's conclusory allegations of bad faith are not supported by any specific facts and are therefore insufficient to meet the exception to *Younger* abstention.  "[I]t is the plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps*, 122 F.3d at 889 (internal quotation marks omitted).  Moreover, Applicant's alleged injury – that he has been declared incompetent to proceed to trial – does not constitute immediate and irreparable harm.  The state incompetency procedures are designed to protect a criminal defendant's federal due process rights.  *See Jones v. District Court*, 617 P.2d 803 (Colo. 1980) (citing Supreme Court due process precedent); *Bloom v. People*, 185 P.32d 797 (Colo. 2008).  Indeed, the state court registers of action show that the trial court is endeavoring to ensure that Mr. Carter's criminal cases do not proceed until he is restored to competency.  *See Palmer v. Schneider*, 699 F.2d 322, 324-25 (6th Cir. 1983) (dismissing action under *Younger* where plaintiff was indicted by state court for murder but found incompetent to stand trial, and no irreparable injury occurred because there was no evidence that state officials had acted in bad faith and plaintiff had never been tried for murder).  Pursuant to § 16–8.5-116(2), C.R.S., the trial court must review the issue of Applicant's competency every three months.  The statutory deadlines are substantially being met in Mr. Carter's case to date.   Absent a showing of bad faith, the extraordinary circumstances exception is not met even if Mr. Carter has been adjudicated incompetent incorrectly under state statutory procedures.  *See Younger*, 401 U.S. at 46-47.  Because none of the exceptions apply to the *Younger* abstention

7

doctrine apply, the Court should abstain from exercising jurisdiction over the amended Application.

In addition, Mr. Carter has failed to exhaust state remedies for the claims raised in his federal Application.  Exhaustion of state remedies is a prerequisite to federal habeas relief under 28 U.S.C. § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Mr. Carter's apparent challenges to the constitutionality of the state competency statutes as applied to him and to the state trial court's jurisdiction to make a competency finding may be raised in a separate state habeas proceeding filed against the appropriate respondent, or in an original proceeding pursuant to Colo. App. R. 21. *See* § 13-45-101, C.R.S. ("any person . . . committed or detained for any criminal or supposed criminal matter [may] apply to the supreme or district courts for a writ of habeas corpus"); *Parks v. Denver Dist. Court*, 503 P.2d 1029, 1032 (Colo. 1972) (Rule 21 proceeding involving competency issues); *People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008) (Rule 21 proceeding challenging jurisdiction of district court in criminal matter).  Mr. Carter does not allege in his Reply that he has attempted to pursue either course of action in the state courts.

Finally, if Mr. Carter is convicted and his conviction(s) and sentence(s) are ultimately upheld in state court, and he believes that his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the amended Application and this action are dismissed without prejudice pursuant to the abstention doctrine of *Younger v. Harris*, 402 U.S. 37 (1971).

8

To the extent the amended Application is not barred by *Younger* in its entirety, the Application it is subject to dismissal without prejudice for Applicant's failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Carter has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the underlying claims have constitutional merit.

DATED at Denver, Colorado, this  17th  day of ___June_____, 2011.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00684-BNB

Joseph Scott Carter
Prisoner No.  97358
Colorado Mental Health Institute at Pueblo
1600 W 24th St
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**   to the above-named individuals on June 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk